150

Appeal of Cedarbrook Realty, Inc. From the Real Estate Tax Assessments for the Tax Years 1970-1976. The Board of Assessment Appeals for Montgomery County et al. Cedarbrook Realty, Inc., Appellant.

Cedarbrook Realty, Inc. and Cedarbrook Joint Venture v. The Board of Assessment Appeals for Montgomery County et al. Cedarbrook Realty, Inc. and Cedarbrook Joint Venture, Appellants.

Argued September 28, 1978, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Richard L. Bazelon,* with him *Roger F. Wood,* and, of counsel, *Dilworth, Paxson, Kalish, Levy & Kauffman,* for appellants.

*Joseph A. Smyth, Charles Potash, Scott E. Townsley, Samuel H. High, Jr.,* with them, *Michael D. Marino, Roger B. Reynolds, Harris F. Goldich,* and, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity,* for appellees.

OPINION BY JUDGE BLATT, December 11, 1978:

Cedarbrook Realty, Inc. and Cedarbrook Joint Venture (Cedarbrook) appeal here from an order of the Court of Common Pleas of Montgomery County

dismissing two actions in which they challenged tax assessments of their properties for the years 1970 through 1976.

The two actions initially brought by Cedarbrook before the lower court and which have been consolidated for purposes of this appeal consisted of (1) a Petition for Allowance of Appeal from the denial of assessment appeals nunc pro tunc by the Board of Assessment Appeals for Montgomery County (Board) in which Cedarbrook requested a de novo determination of the assessments and a refund of any excessive taxes paid and (2) a Complaint in Equity against the Board and the School District of Cheltenham Township, the Township of Cheltenham, the County of Montgomery and the Montgomery County Institution District (taxing districts)[1] seeking the relief requested in the first action as well as damages.

Cedarbrook has alleged that the assessed values for properties as determined by the Board for the years 1970 through 1976 were arbitrary and unlawful for two reasons: (1) they were based on an assessment ratio substantially higher than the lawful assessment ratio and (2) they were based on excessive and arbitrary figures as to fair market value. Cedarbrook admitted its failure to file a timely appeal to the Board in accordance with the Third Class County Assessment Law[2] (Act), but alleged that its failure to do so resulted from material misrepresentations made by employees of the Board as to the relevant assessment ratio for Montgomery County.

The Board and the taxing districts filed preliminary objections to both actions which, after argument and consideration of briefs, were sustained by the low-

---

[1] The taxing districts are intervening parties in the action against the Board.

[2] Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §5342 et seq.

er court. The lower court in dismissing Cedarbrook's actions held that it was without power to entertain the action in equity because Cedarbrook failed to pursue its mandatory and exclusive statutory remedy. In addition, it concluded that Cedarbrook had failed to establish a legally adequate claim of fraud, in that even if the Board had made the alleged misrepresentations Cedarbrook had no right to rely on them because tax assessments are a matter of record, and that even if Cedarbrook could establish fraud the action would be barred by laches. Our scope of review is limited here, of course, by the fact that the findings of a court of common pleas in a tax assessment case may not be set aside unless clear error appears. *Pittsburgh Miracle Mile Town and Country Shopping Center, Inc., Tax Appeals,* 6 Pa. Commonwealth Ct. 187, 294 A.2d 226 (1972).

Cedarbrook maintains that although it failed to comply with the statutory appeal procedures, the Court of Common Pleas should have heard the case under its equity jurisdiction because Cedarbrook's failure to follow the statutory procedures was due to no fault of its own but to the fact that employees of the Board misled Cedarbrook by stating that the assessment ratio in Montgomery County was one-third when, Cedarbrook alleges, it was, in fact, much lower.[3] It is clear, however, that equitable jurisdiction does not attach if there is an adequate remedy at law, especially where the legislature has provided a statutory remedy which is mandatory and exclusive. *DeLuca v. Buckeye Coal Company,* 463 Pa. 513, 345 A.2d 637 (1975). It is also clear that the Act provides a method

---

[3] Cedarbrook relies on *Jenkintown School District v. Board for Assessment,* 99 Montg. Co. L. R. 358 (1975) where the court adopted the ratio of 18.1 per cent as the common level ratio in Montgomery County for 1972.

for challenging tax assessments[4] and we have previously held that the time limits provided thereby (September 1 deadline for appeals to the Board and 30-day period for appeal of the Board's decision to the Court) are mandatory. *Wheeling-Pittsburgh Steel Corporation v. Board of Assessment Appeals,* 25 Pa. Commonwealth Ct. 194, 360 A.2d 265 (1976).

In addition, Cedarbrook contends that the assessments were unconstitutional and that this constitutes an independent basis for equitable jurisdiction. While it is true that a constitutional challenge has been held to be an exception to the "exclusive remedy" rule in which case a court of equity will entertain jurisdiction, this exception is limited as evidenced by a holding of our Supreme Court that

the mere fact that a constitutional question is raised as to the validity of the statute does not, without more, vest jurisdiction in a court of equity to adjudicate. The additional element required to confer equitable jurisdiction is either the absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of its inadequacy in the circumstances.

*Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 276, 328 A.2d 819, 823 (1974).

---

[4] At the time in question, Section 8 of the Act provided in part:

(c) Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, may appeal to the board for relief. Any person desiring to make an appeal, shall, on or before the first day of September, file with the Board on appeal, in writing, setting forth:

(1) The assessment or assessments by which such person feels aggrieved;

(2) The address to which the board shall mail notice of the time and place of hearing.

72 P.S. §5349.

Clearly a statutorily prescribed remedy did exist, and we do not believe that Cedarbrook has demonstrated that it was inadequate.

Cedarbrook further maintains that equity must intervene and the time limits imposed by the Act must be waived in this case because of the Board's alleged misrepresentations. We do not believe, however, that, even if a material misrepresentation was made by an employee of the Board, this would excuse Cedarbrook's failure to follow the statutorily prescribed remedy. We believe that the alleged conduct of the employees of the Board does not rise to the level necessary to permit equity to intervene inasmuch as there is no allegation that the Board in any way induced Cedarbrook to forego the statutorily mandated appeal procedure. In addition, there is no allegation that any of the other defendants engaged in, had knowledge of, or were otherwise involved in any of the alleged unlawful acts of the Board or its employees. Furthermore, the records of the Board which contain all county assessment figures together with sales figures and figures pertaining to the market value of properties were at all times available to Cedarbrook. This fact is clearly irreconcilable with Cedarbrook's alleged total reliance on the Board's representations.

In addition, we believe that Cedarbrook has failed to assert a legally adequate claim of fraud which would entitle it to equitable intervention. It has failed to allege all of the following elements: (1) a misrepresentation; (2) a knowing fraudulent utterance; (3) the intention that the victim will be induced to act on it; (4) justifiable reliance on it; and (5) damage. *Edelson v. Bernstein*, 382 Pa. 392, 115 A.2d 382 (1955).

Finally, in its complaint, Cedarbrook alleged that the assessments were also improper on the ground that they were based on "excessive and arbitrary figures

as to fair market value.'' It has not averred, however, the existence of any excuse for its failure to challenge this allegedly improper determination of the Board as to fair market value. If it had followed the statutorily prescribed remedy for challenging the market value determination it would have also had the opportunity to challenge the assessment ratio. Under Section 2 of the Act the review of a tax assessment by the court must include a determination of "what ratio of assessed value to actual value was used generally in the tax district. . . .'' 72 P.S. §5350(a). It is clear that the statute provides an adequate means of challenging the assessment ratio and such means was at all times available to Cedarbrook.

The court below correctly found that it was without jurisdiction in equity to hear the appeal.

Accordingly, we affirm.

### ORDER IN 2115 C.D. 1977

AND Now, this 11th day of December, 1978, the order of the Court of Common Pleas of Montgomery County in No. 76-16915 is hereby affirmed.

### ORDER IN 2116 C.D. 1977

AND Now, this 11th day of December, 1978, the order of the Court of Common Pleas of Montgomery County in No. 76-16916 is hereby affirmed.