## Leon Carl et al. *v.* Southern Columbia Area School District, Appellant.

528

Argued February 7, 1979, before President Judge
BOWMAN and Judges CRUMLISH, JR., MENCER, BLATT,
DISALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR.
and ROGERS did not participate.

*Richard J. Roberts, Jr.*, with him *Jack C. Younkin*, and *Leavens, Younkin & Roberts*, for appellant.

*James F. Geddes, Jr.*, for appellees.

OPINION BY JUDGE BLATT, April 6, 1979:

This is an appeal by the Southern Columbia Area School District (School District) from an order of the Court of Common Pleas of Columbia County declaring the School District's occupation tax unconstitutional.

Pursuant to the provisions of The Local Tax Enabling Act,[1] the School District, which is comprised of six municipalities located in Columbia County and one municipality in Northumberland County, initially enacted an occupational tax for the fiscal year July 1, 1975 to July 1, 1976, at a rate of 53% of the assessed occupational valuation. Subsequently this tax was re-enacted for the fiscal year July 1, 1976 to July 1, 1977, at 90%, and for the fiscal year July 1, 1977 to July 1, 1978, at 100% of the assessed occupational valuation. The assessed valuations for the various occupations were set for all years assessed by the county commisioners and chief assessors in each of the two counties of Northumberland and Columbia.[2] Because the valuations made by the respective county officials were not identical, however, the result was that the taxes imposed on residents of Columbia County were substantially higher than those imposed on persons engaged in the same occupations living in

---

[1] Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §6901 et seq.

[2] Pursuant to The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended*, 72 P.S. §5453.101 et seq.

Northumberland County. Twenty-five residents and taxpayers of the School District, who are appellees here, then appealed the imposition of the levy for the fiscal year July 1, 1977 to July 1, 1978,[3] and the court below found that the tax as levied by the School District contained an impermissible lack of uniformity and therefore violated Article 8, Section 1 of the Constitution of the Commonwealth of Pennsylvania. In addition to declaring the tax unconstitutional, the court also ordered a refund by the School District of the occupation taxes paid by the appellees for the fiscal year July 1, 1977 to July 1, 1978. This appeal followed.

The Constitution of the Commonwealth of Pennsylvania, Article 8, Section 1 provides as follows:

All taxes shall be uniform, upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws.

This so-called uniformity clause applies to occupation taxes. *Crosson v. Downington Area School District,* 440 Pa. 468, 270 A.2d 377 (1970). And, as we have previously stated in *School District of Philadelphia v. W. T. Grant Corp.,* 19 Pa. Commonwealth Ct. 402, 339 A.2d 628 (1975), it requires that two conditions be met: (1) that the classification of taxpayers subject to a specified tax must be reasonable; and (2) that the tax itself must be applied equally within the designated class. If either condition fails, the tax is unenforceable for want of uniformity.

The School District contends here that the classification of residents according to county is not unreasonable, maintaining that the classification has not been made by the School District but has been dictat-

---

[3] Pursuant to Section 9 of The Local Tax Enabling Act, 53 P.S. §6909.

ed by state law[4] which requires the School District to follow the occupational valuations set by the counties and precludes it from adopting its own lists of occupations with a uniform valuation applicable in both counties. While it may be true that this multi-county school district has no alternative but to accept the classifications furnished by each constituent county, that does not necessarily make the classification uniform from a constitutional point of view. In effect there are residents of the School District, who send their children to the same schools and receive the same services but who are being treated differently because they happen to live in different counties. We do not believe that this is the type of reasonable classification mandated by the Constitution.

In the alternative, the School District argues that the classification here is reasonable because it is the result of a reorganization of school districts which was required for an overriding educational purpose. It maintains that multi-county school districts were created to serve a legitimate state interest in education, and that any resulting classifications should be deemed reasonable. We find this argument unpersuasive, however, for reasons best stated by our Supreme Court in *Amidon v. Kane,* 444 Pa. 38, 41, 279 A.2d 53, 55 (1971):

> [W]e cannot deem a legislative enactment constitutional merely because it may seem in our view to be just, expedient, necessary or wise, or because it enjoys unanimous popular support. The Constitution is in matters of state

---

[4] Section 602 of The Fourth to Eighth Class County Assessment Law, 72 P.S. §5453.602(a) provides in pertinent part:

It shall be the duty of the chief assessor to assess, rate and value all subjects and objects of local taxation, whether for county, township, town, school (except in cities), county institution district, poor or borough purposes. . . .

law the supreme law of the Commonwealth to which all acts of the Legislature and of any governmental agency are subordinate, . . . and it is our duty and responsibility to consider *only* whether the legislation meets or violates constitutional requirements. (Citations omitted, emphasis in original.)

The School District further maintains that the Constitution requires uniformity only within the territorial limits of the taxing authority, and, because in this instance the county has set the values of the subjects to be taxed, the county boundaries constitute the "territorial limits" for purposes of taxation. We believe, however, that the Constitution clearly requires uniformity within the territorial limits of the *authority levying the tax,* which here is obviously not the county but the School District. The relevant territorial limits, therefore, are those of the School District regardless of whether or not those limits encompass areas in one county only or in more than one county.

The final issue presented to us concerns the validity of the refund ordered by the court below. The School District contends that the court had no authority to order a refund in these proceedings which were brought pursuant to Section 6 of The Local Tax Enabling Act, 53 P.S. §6906. We have previously held that taxes once paid may not be refunded absent statutory authority, *Penn Federal Savings and Loan Assoc. v. Tax Review Board,* 18 Pa. Commonwealth Ct. 530, 336 A.2d 907 (1975). We must examine the relevant statute, therefore, to determine whether or not a refund is authorized here. Section 6 of that statute provides:

It shall be the duty of the Court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is ex-

cessive or unreasonable; but the Court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax. The Court may declare invalid all or any portion of the ordinance or of the tax imposed or may reduce the ratio of tax.

53 P.S. §6906.

There is no mention of a refund here among the forms of relief set forth in Section 6, so we must conclude that a refund is not an available remedy under this section.

In so holding, we are consistent with the views expressed by Justice ROBERTS in a footnote to the Supreme Court's opinion in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 188 n. 14, 346 A.2d 269, 279 n. 14 (1975):

> An additional reason for the conclusion reached in Pickar [that the failure to appeal under The Local Tax Enabling Act does not foreclose a refund proceeding] is that section 6 [of The Local Tax Enabling Act] does not afford 'a specific remedy . . . for the recovery of money'. By its terms, section 6 limits the remedy available under that section to declaratory relief.

The court below not having the authority under the statute here concerned to direct a refund, that part of its decision which does so must be reversed. The order of the lower court is, therefore, affirmed as necessarily modified.

Judge MACPHAIL dissents.

### ORDER

AND Now, this 6th day of April, 1979, the order of the Court of Common Pleas of Columbia County in the above-captioned matter is affirmed except for that

part which orders a refund of taxes paid; that part is reversed.