Lowell Hudson et al., individually and as representatives of a class of taxpayers of Union County, The Lewisburg Area School District and Kelly Township, Appellants *v.* Union County, Pennsylvania et al., Appellees.

Argued March 11, 1980, before President Judge Crumlish and Judges Wilkinson, Jr., Mencer, Rogers, Craig, MacPhail and Williams, Jr.

*James F. Geddes, Jr.,* of *Silverblatt & Townsend,* for appellants.

*Louise O. Knight,* of *Clement and Knight,* with her *Wayne A. Bromfield,* of *Brann and Bromfield,* for appellees.

OPINION BY JUDGE WILKINSON, JR., April 9, 1980:

This is an appeal from an order of the Court of Common Pleas, 17th Judicial District, Union County Branch dismissing appellants' (taxpayers) complaint in equity. We affirm.

Taxpayers commenced the present action by filing a complaint in equity on August 16, 1978 in common pleas court. By their complaint, taxpayers sought to have declared invalid a certain occupation tax levy and the occupation tax assessments on which it was based. The common pleas court declined to entertain equity jurisdiction in the matter, dismissed the complaint, and sustained defendants' preliminary objection in the form of a motion to strike because of an adequate remedy at law. This appeal followed.

Because this case did not proceed beyond the initial stages of pleading, we are unable to completely and specifically discern the factual background. From taxpayers' complaint, however, it is evident that the occupation tax levy being challenged is that adopted by the Lewisburg Area School District (District) for the 1978-79 school budget pursuant to Section 2 of The

Local Tax Enabling Act (Enabling Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6902.[1] Taxpayers also challenge the validity of the underlying assessments made by Union County pursuant to authority delegated it by Section 201 of The Fourth to Eighth Class County Assessment Law (Assessment Law), Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.201.[2] Taxpayers predicate their challenges on a variety of constitutional and nonconstitutional grounds, the specifics of which we need not address in light of our agreement with the common pleas court that taxpayers had full and adequate statutory remedies available to them.

Where the legislature has provided a specific statutory remedy the general rule obtains that such statutory remedy is to be strictly pursued. *See, Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974). However, our Supreme Court recognized an exception to this general rule "where a taxing statute is made the subject of a *constitutional* challenge." *Lynch v. Owen J. Roberts School District,* 430 Pa. 461, 465, 244 A.2d 1, 3 (1968) (Emphasis in original). The precise dimensions and application of the exception are unclear.

---

[1] Section 2 reads in pertinent part:

The duly constituted authorities of the following political subdivisions . . . may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect . . . such taxes as they shall determine on persons, transactions, occupations, privileges. . . .

[2] Section 201 reads in pertinent part:

The following subjects and property shall . . . be valued and assessed and subject to taxation for all . . . school . . . purposes . . .

. . . .

(b) All salaries and emoluments of office, all offices and posts of profit, professions, trades and occupations. . . .

Former Justice POMEROY wrote in *Borough of Green Tree, supra,*

the mere fact that a constitutional question is raised as to the validity of a statute does not, without more, vest jurisdiction in a court of equity to adjudicate. The additional element required to confer equitable jurisdiction is either the absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of its inadequacy in the circumstances.

*Id.* at 276, 328 A.2d at 823.

In *Appeal of Cedarbrook Realty, Inc.,* 39 Pa. Commonwealth Ct. 150, 395 A.2d 613 (1978), this Court adopted Justice POMEROY's formulation and held that a party seeking to invoke equity's jurisdiction must demonstrate the inadequacy of the statutorily prescribed remedy despite the presence of a constitutional challenge. *Id.* at 155, 395 A.2d at 615.

Section 6 of the Enabling Act, 53 P.S. §6906, provides a specific remedy for aggrieved taxpayers: "Within said thirty days [*i.e.* from the time of the adoption of the ordinance or resolution levying the tax] . . . taxpayers of the political subdivision not less than twenty-five in number aggrieved by the ordinance or resolution shall have the right to appeal therefrom to the court. . . ." Substantial remedial powers are invested in the lower court by Section 6:

It shall be the duty of the court to declare the ordinance and the tax imposed thereby to be valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; but the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax. The court may declare invalid all or any portion of the ordinance or of the tax imposed or may reduce the rates of tax.

Taxpayers also had available to them the remedies provided by the Assessment Law. Section 701(b) of the Assessment Law, 72 P.S. §5453.701(b) provides that "[a]ny person aggrieved by any assessment . . . may appeal to the board for relief." Section 704, 72 P.S. §5453.704 provides for a further appeal to the court of common pleas.

Thus there is no question that statutorily prescribed remedies were available to these taxpayers either as an appeal from the county's assessment under the provisions of the Assessment Law or as an appeal from the tax levy imposed by the District under the provisions of the Enabling Act. The remaining question is whether taxpayers have demonstrated the inadequacy of those remedies under the circumstances. We conclude they have not.

> The thrust of taxpayers' arguments require, for informed adjudication, the factual fabric which might develop at the agency level. . . . The more clearly it appears that the question raised goes directly to the validity of the statute the less need exists for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise.

*Borough of Green Tree, supra,* at 281, 328 A.2d at 825. While it is true that taxpayers here attempted a direct attack upon the constitutionality of the occupation tax as a method of local taxation, such an argument cannot rise to the level of a "substantial question of constitutionality." *Rochester & Pittsburgh Coal Co. v. Indiana County Board of Property Assessments,* 438 Pa. 506, 508, 266 A.2d 78, 79 (1974). "Occupation taxes are not new," *Crawford v. Southern Fulton School District,* 431 Pa. 324, 333, 246 A.2d 332, 336 (1968), and the validity of such a tax was recognized nearly a century ago in *Banger's Appeal,* 109 Pa. 79 (1885). Since

that time, numerous cases have implicitly recognized the validity of the occupation tax.[3]

After discarding the nominally direct constitutional challenge, taxpayers' remaining arguments require the development of certain underlying facts for which the legislature has provided a fact-finding and review process as discussed earlier.[4]

The availability and adequacy of the review process provided by the legislature for the consideration and resolution of issues of the sort taxpayers here attempted to raise in equity is illustrated by *Carl v. Southern Columbia Area School District*, 41 Pa. Commonwealth Ct. 527, 400 A.2d 650 (1979). In *Carl*, a multi-county school district utilized occupation valuations furnished by each of the constituent counties with the result that residents who sent their children to the same school and received the same services were subject to varying taxes on the same occupation depending upon the county in which they resided. Twenty-five residents and taxpayers in the school district challenged the 1977-78 levy pursuant to Section 6 of the Enabling Act and the common pleas court found the tax as levied lacked uniformity and violated Article 8, Section 1 of the Pennsylvania Constitution.

---

[3] *See Campbell v. Coatesville Area School District*, 440 Pa. 496, 270 A.2d 385 (1970) ; *Crawford, supra; Haberman Appeal*, 37 Pa. Commonwealth Ct. 97, 388 A.2d 1159 (1978).

[4] For example, taxpayers' assertion that the occupation tax as assessed and levied is nonuniform or alternatively a disguised income tax requires a factual examination of the operation of the tax and the underlying assessment. Likewise, taxpayers' argument that the occupation tax is invalid with respect to the class of federal employees residing within the federal enclave at Lewisburg Penitentiary requires for its resolution the factual background of the tax, the mechanics of its administration. *See United States v. Lewisburg Area School District*, 539 F.2d 301 (3rd Cir. 1976) where the federal court examined the operation of the tax and concluded it constituted a permissible "income tax" under the Buck Act, 4 U.S.C. §105 et seq.

The issues raised by taxpayers in the instant case are no less amenable to resolution through the procedures provided by the legislature than the uniformity challenge successfully prosecuted in *Carl, supra.*

Accordingly, we will enter the following

ORDER

AND Now, April 9, 1980, the order of the Court of Common Pleas, 17th Judicial District, Union County Branch, Civil, dated March 5, 1979 and docketed to No. 537 of 1978 is hereby affirmed.