# Schaefer Flower Shop, Inc. v. Dallastown Area School District

*Timothy E. Kane,* for plaintiff.
*Daniel W. Shoemaker,* for defendant.

BUCKINGHAM, *J.,* September 23, 1981—This matter is before the court on defendant's preliminary objections to plaintiff's complaint. Plaintiff instituted this action in assumpsit seeking a refund of monies paid to defendant to which it is allegedly not legally entitled. Defendant filed preliminary objections in the nature of a motion to strike and demurrer.

Plaintiff is the owner in fee simple of a tract of land located in York Township within the boundaries of defendant, School District. During the period April 1, 1980, to July 10, 1980, plaintiff constructed improvements on this real estate. On July 15, 1980, plaintiff received a real estate tax bill for the fiscal year 1980-81 from defendant which plaintiff duly paid.

On August 27, 1980, plaintiff received an interim tax assessment relating to the increased value of the land resulting from plaintiff's improvements

thereon. On September 16, 1980, plaintiff received a tax bill based on the interim tax assessment. This tax bill was paid under protest on January 15, 1981. On February 15, 1981, plaintiff presented a verified, written claim to defendant for refund of monies paid. On March 20, 1981, defendant notified plaintiff on the disallowance of its claim.

The issue before us is whether plaintiff has stated a cause of action under the Local Tax Collection Law of May 25, 1945, P.L. 1050, 72 P.S. §5511.1 et seq., for refund of monies paid. This statute provides in part at 72 P.S. §5566b:

"Whenever any person or corporation of this Commonwealth has paid. . . . into the treasury of any political subdivision . . . any taxes of any sort . . . to which the political subdivision is not legally entitled; then, in such cases, the proper authorities of the political subdivision, upon the filing with them of a written and verified claim for the refund of the payment, are hereby directed to make . . . refund of such taxes . . . to which the political subdivision is not legally entitled. Refunds of said moneys shall not be made, unless a written claim therefor is filed, with the political subdivision involved, within two years of payment thereof.

The right to a refund afforded by this act may not be resorted to in any case in which the taxpayer involved had or has available under any other statute, ordinance or resolution, a specific remedy by way of review, appeal, refund or otherwise, for recovery of moneys . . ."

Section 5566(c) provides that an action in assumpsit may be brought in the event that the political subdivision refuses to make a refund.

Defendant contends that plaintiff had a specific

remedy for recovery of moneys under The Fourth to Eighth Class County Assessment Law of May 21, 1943, P.L. 571, 72 P.S. §5453.101 et seq., more specifically section 701 providing for appeals from assessments, and therefore, that plaintiff's instant suit is barred.

While we have been referred to no cases directly on point, we find the reasoning of Wm. Penn Parking Garage, Inc. v. City of Pittsburgh, 464 Pa. 168, 346 A. 2d 269 (1975), applicable to the facts of this case. The statute involved in Wm. Penn, supra, was section 6 of The Local Tax Enabling Act of December 31, 1965, P.L. 1257, 53 P.S. 6901 et seq., which limited the remedy available to declaratory relief. The Pennsylvania Supreme Court thus found section 6 was not a bar to an action in assumpsit under the Local Tax Collection Law because section 6 did not provide a specific remedy for recovery of monies.

It is a well-settled principle that refunds for taxes paid can not be given absent statutory authority: Carl v. Southern Columbia Area School District, 41 Pa. Commonwealth Ct. 527, 400 A. 2d 650 (1979). Section 702 of the Fourth to Eighth Class County Assessment Law provides that, upon hearing, the Board of Assessment Appeals shall "make such order as it seems just and equitable, affirming, raising or lowering the assessment appealed from." As amended, 1978, Oct. 5, P.L. 1138, 72 P.S. §5453.702. This section gives no authority to the Board of Assessment Appeals to grant refunds. Accordingly, these sections of the Fourth to Eighth Class County Assessment Law do not bar an action in assumpsit for refund of monies paid.

We shall enter an order in consonance with the foregoing opinion.

## ORDER

And now, September 23, 1981 defendant's preliminary objections to plaintiff's complaint are dismissed with leave to defendant to file an answer thereto within 30 days of the date of this order.

An exception is granted to defendant.