Amrit Lal, Petitioner *v.* West Chester Area School District et al., Respondents.

Argued November 15, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Eugene A. Steger, Jr., Steger & Howell, Ltd.,* for petitioner.

*Randy L. Sebastian,* with him *Mary Ann Rossi, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for respondents.

*Marybeth A. Stanton,* Deputy Attorney General, with her *Allen C. Warshaw,* Deputy Attorney General, and *LeRoy S. Zimmerman,* Attorney General, for respondent, Commonwealth of Pennsylvania, Department of Education.

OPINION BY JUDGE CRAIG, January 18, 1983:

In this original jurisdiction matter, West Chester Area School District and the Commonwealth of Penn-

sylvania have filed preliminary objections to Amrit Lal's complaint, which alleges procedural defects in the implementation of the school district's tax and challenges the constitutionality of the Pennsylvania system of school financing which primarily relies on local tax revenues.

In 1977, Amrit Lal owned a tax parcel numbered 66-2-37, containing five acres, two dwellings and a building, assessed at $21,030, in Thornbury Township. Lal resided in West Chester.

That year, the school district delivered tax duplicates for parcel 66-2-37 to the tax collector of Thornbury Township to send to Lal. Lal denies that he received notice of these school taxes; he paid taxes for other properties owned by him in the school district for the year 1977. In April, 1978, Lal offered to pay the tax due ($1,724.46) on parcel 66-2-37, but he refused to pay the 10% late penalty. Accordingly, the tax collector refused to accept the payment and lodged a tax claim against that parcel.

Lal filed exceptions to the tax claim; after an evidentiary hearing, the Tax Claim Bureau of Chester County disallowed the exceptions. Then Lal petitioned the Court of Common Pleas of Chester County to dismiss, reduce, or set aside the bureau's lien against his property. Almost four years later, Lal amended his petition to join the Commonwealth of Pennsylvania and its Department of Education as defendants in order to challenge the constitutionality of Pennsylvania's public school financing system.

In March, 1982, the Commonwealth defendants filed preliminary objections asserting, among other points, lack of jurisdiction in the county court. Lal then requested, and the common pleas court granted, a transfer of his action to this court. The Commonwealth's additional preliminary objections, as well as

those of the school district, raising Lal's lack of standing and his failure to state a claim, are now before this court.

In Count 1 of his complaint, Lal asserts that: (1) the school district and township have failed to meet the notice requirements prescribed in Section 6 of the Act of May 25, 1945 (1945 Act), P.L. 1050, *as amended,* 72 P.S. §5511.6, (2) the tax collector improperly refused Lal's offer to pay the tax without the penalty, and (3) "the school taxing rates used in 1977 for school district tax based upon assessment of real property were arbitrary and not related to the actual fiscal needs of the respective taxing district."[1]

In concluding that the demurrers to Lal's first challenge must be sustained, we note that, despite the notice provisions of section 6 of the 1945 act,[2] section 7 of that act[3] clearly provides that:

> Failure to receive notice shall not relieve any taxpayer from the payment of any taxes imposed by any taxing district, such taxpayer shall be charged with his taxes as though he had received notice.

Our Superior Court, in considering the 1945 Act, said:

> The absence of notice and hearing, then, prior to the collection of the tax in controversy, deprived the [taxpayer] of no constitutional right. Due process of law does not require that a taxpayer have the privilege of contesting a tax before it is levied and collected....

---

[1] Lal's complaint, paragraph 30. In paragraph 29 of his complaint, Lal alleges that the 1945 Act is unconstitutional "in that it permits taxation for school district revenue based upon property valuation." This challenge relates to the allegations contained in Counts 2 and 3 of Lal's complaint and are addressed beow.

[2] 72 P.S. §5511.6.

[3] 72 P.S. §5511.7.

*Hartman v. Columbia Malleable Castings Corp.*, 164 Pa. Superior Ct. 1, 6, 63 A.2d 406, 409 (1949).

Lal's second claim must also fall before the objection that, assuming its truth, it fails to state a claim. The tax collector properly refused to accept Lal's offer to pay the tax without the penalty imposed by Section 10 of the 1945 act,[4] because, when a late payment penalty is established by statute, the penalty is added to the tax originally assessed to constitute the tax then due. *Borough of Homestead v. Defense Plant Corp.*, 356 Pa. 500, 52 A.2d 581 (1947).

In considering Lal's assertion that the assessment of the properties within the taxing district is arbitrary and therefore unconstitutional, we are guided by our Supreme Court's recent decision in *Shenango Valley Osteopathic Hospital v. Department of Health,*     Pa.     , 451 A.2d 434 (1982). That court, in resolving the question of whether one challenging the validity of a statute must first pursue all available administrative remedies, said:

> It is therefore clearly appropriate to defer judicial review when the question presented is one within the agency's specialization and when the administrative remedy is as likely as the judicial remedy to provide the desired result. However, a distinctly different situation is presented where the remedy afforded through the administrative process is inadequate.
>      Pa. at     , 451 A.2d at 438.

Justice POMEROY, in *Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974), (plurality opinion), offered guidance on that issue:

> The more clearly it appears that the question raised goes directly to the validity of the stat-

---

[4] 72 P.S. §5511.10.

ute, the less need exists for the agency involved to throw light on the issue through exercise of its specialized fact-finding function or application of its administrative expertise.

*Id.* at 281, 328 A.2d at 825.

Although *Green Tree* involved a plurality opinion, our Supreme Court, in *Shenango Valley,* noted that:

[I]t was clear from [Green Tree] that four members of this court agreed the doctrine of exhaustion of remedies would not bar equitable intervention where there are both a substantial question of constitutionality *and* the absence of an adequate statutory remedy. [Emphasis in original.]

*Id.* at     , 451 A.2d at 438.[5]

---

[5] In *Shenango Valley,* the court was confronted with a challenge to the constitutionality of the enabling act of the State Health Facility Hearing Board, The Health Care Facilities Act, Act of July 19, 1979, P.L. 130, 35 P.S. §§448.101-448.904. Having determined that there was a substantial question of constitutionality, the court considered whether there was an absence of an adequate statutory remedy, and found:

The Act does not provide any remedy or appeal process to resolve [constitutional] issues. . . . Authority to pass upon the constitutionality of the agency's enabling Act is not mentioned. Nor may it reasonably be inferred. The criteria for membership on the Board ("familiarity and expertise with health care facilities or for relevant training and experience which will assist the board to perform its function," 35 P.S. A. §448.501), do not support a claim that these challenges could be adjudicated by the Board. The constitutionality of the Board's enabling Act is beyond the agency's jurisdiction.

Moreover, the issues raised by the instant challenges are not within the purview of the expertise of the Board and/or Department and no factual issues requiring the development of a record are present. The participation of the Board or Department at this stage is unnecessary.

*Id.* at     , 451 A.2d at 438-39.

Here, however, Lal's challenge focuses not on the general validity of the taxing statute, but on whether that statute has been administered arbitrarily. Therefore, because Lal's constitutional challenge in Count 1 does not involve a direct attack upon the constitutionality of the property tax, it does not rise to the level of a "substantial question of constitutionality." *Id.; see also Hudson v. Union County,* 50 Pa. Commonwealth Ct. 378, 382, 413 A.2d 1148, 1150 (1980), in citing *Rochester and Pittsburgh Coal Co. v. Indiana County Board of Property Assessments,* 438 Pa. 506, 508, 266 A.2d 78, 79 (1974).

An adequate statutory remedy exists by which Lal could have challenged his assessment and, in so doing, given a tax appeals board an opportunity to review his general allegation that his assessment was excessive; a taxpayer can challenge his assessment under Section 701(b) of The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.701(b), which provides that

---

The court then concluded:

We are not here faced with a premature interruption of the administrative process but rather a determination of the constitutional validity of the statute which provides the *sine qua non* for the validity of the entire process. The evils of piecemeal judicial intervention in the administrative process are not raised where judicial relief is limited to resolving questions concerning the constitutionality of an enabling act.

*Id.* at    , 451 A.2d at 439.

Thus, in emphasizing the adequacy of the statutory remedy, the court apparently has laid to rest the general rule expressed in *Lynch v. Owen J. Roberts School District,* 430 Pa. 461, 244 A.2d 1 (1968) (regardless of the availability of a specific statutory remedy, a court of equity has jurisdiction to decide a broad constitutional challenge to the validity of a taxing statute or ordinance). Although Justice ROBERTS wrote the *Lynch* opinion and relied on *Lynch* in his concurring opinion in *Green Tree,* he joined the majority in *Shanango Valley.*

"any person aggrieved by any assessment . . . may appeal to the board for relief." Section 704 of that law, 72 P.S. §5453.704, provides for a further appeal to the court of common pleas. *Hudson,* 50 Pa. Commonwealth Ct. at 382, 413 A.2d at 1150.[6]

Counts 2 and 3 of Lal's complaint challenge the taxing scheme for educational purposes in Pennsylvania. The underlying assumption of that constitutional challenge[7] is that the Commonwealth's heavy reliance on local property taxes to fund education causes financial disparity among the school districts and results in a failure to provide a thorough and efficient system of education as mandated by the Pennsylvania constitution, art. 3, §14. However, Lal has failed to state a cause of action because he fails to allege any legal injury to any student in West Chester School District, and further, he fails to allege that students are being denied an adequate, basic education. *See Danson v. Casey,* 484 Pa. 415, 399 A.2d 360 (1979).[8]

---

[6] Although Justice ROBERTS, in his opinion in *Green Tree,* emphasized that tax appeals boards should not review cosntitutional issues, he did emphasize that, "[t]he board procedures may perhaps be adequate for deciding individual claims of improper assessment. . . ." *Green Tree,* 459 Pa. at 285, 328 A.2d at 827 (J. ROBERTS concurring). *See, e.g., Morris v. Board of Property Assessment,* 417 Pa. 192, 209 A.2d 407 (1965), *Deitch v. Board of Property Assessment,* 417 Pa. 213, 209 A.2d 397 (1965).

[7] In his complaint, Lal asserts that he has standing because he is a taxpayer. However, after oral argument before this court, Lal requested permission to file a motion to seek leave to amend his complaint to include the averment that Lal had three minor children enrolled in the West Chester Area School District. Because of our holding, we need not consider Lal's motion on the standing issue.

[8] Our Supreme Court, in *Danson,* specifically rejected the argument that per pupil expenditures must be the same in all school districts, stating: [E]xpenditures are not the exclusive yardstick of educational quality, or even of educational quantity. It must indeed be obvious that the same total educational and administrative expenditures by two school districts do not necessarily produce identi-

Accordingly, the preliminary objections of the Commonwealth of Pennsylvania and the school district must be sustained because Lal has failed to state a cause of action, and, as to the assessment challenge, he has failed to pursue adequate statutory remedies.

## ORDER

Now, January 18, 1983, the preliminary objections of the Commonwealth of Pennsylvania and the West Chester Area School District are sustained and the complaint of Amrit Lal, No. 12 T.D. 1982, is hereby dismissed.

---

cal educational services. The educational product is dependent upon many factors, including the wisdom of the expenditures as well as the efficiency and economy with which available resources are utilized. *Id.* at 427, 399 A.2d at 366.