## Quast v. Westmoreland Tax Claim Bureau

*George A. Conti Jr.,* for petitioners.
*Aaron Kress,* for respondents.

ACKERMAN, *J.*, March 30, 1987 — The matter before the court raises the interesting and novel question of whether or not the respondent county agencies must give notice of the county's assessment of mineral rights to the owners of the same in order for the assessment to be valid, where historically these mineral rights had not been assessed or taxed.

Petitioners, who are the owners of coal rights which have been severed from surface, challenge the assessments imposed between January 1980 and December 1986. They contend that prior to 1986 they were unaware that the county assessed interest in coal and that until that time they had no notice of the assessment.

In 1912 Evan Jones died and his interest in his Derry Township real estate passed to his seven children. In 1939 the heirs of Evan Jones conveyed the surface of the property to Gray Stone Quarries Inc., excepting and reserving unto themselves all the coal, oil and gas. In the years following 1939 there was no tax assessment on the petitioners' mineral rights — a condition that continued until 1980. As respondents explain it:

"For many years in Westmoreland County, the mapping and assessment of coal rights was a little-practiced art. However, during the 1970s the Westmoreland County Board of Assessment Appeals and the County Mapping Department began to identify, locate and assess coal rights. In 1980 these coal rights were first assessed to 'Evan Jones Heirs, Address Unknown', by respondent Board of Assessment Appeals at $300 per acre, for a total of $252,660. Prior to that time the coal rights were never assessed, no tax paid to the county, and the heirs, operating under the 'If it ain't broke don't fix

it' theory, never complained or brought this oversight to the attention of the taxing authorities."

Thus for 41 years, between 1939 and 1980, the county sought no taxes on the minerals nor did it attempt to assess them. It is averred in the petition and admitted in the respondents' answer that petitioners had no notice of the assessing of these mineral rights, which began in 1980 until July 10, 1986.

Respondents cite *Hartman v. Columbia Malleable Castings Corp.,* 164 Pa. Super. 1, 6, 63 A.2d 406, 409 (1949) where the court, in upholding the validity of a per capita tax, held that due process did not require that a taxpayer have the privilege of contesting a tax before it is levied and collected. In that case, Mr. Hartman contended unsuccessfully before the court that he had a right to notice and a hearing before the per capita tax could be levied against him and collected from his employer. Petitioners here suggest no such extreme position.

The other case cited by respondents, *Lal v. West Chester Area School District,* 71 Pa. Commw. 236, 455 A.2d 1240 (1983) is not any more helpful. Lal, who owned several parcels of land within the school district, paid taxes on all but one parcel on which he contended he did not receive notice. The court concluded that the lack of notice did not relieve Lal of his tax obligation and refused to remove the lien filed against his property, citing *Hartman, supra.*

A more analogous situation is found in *Turtle Creek v. Board of Property Assessment,* 63 Pa. Commw. 67, 437 A.2d 538 (1981) where the court concluded that an increase in an assessment was a nullity where the owner was denied his right to be present at the hearing because of defective notice. The court was unpersuaded by the taxing authority's attempt to erect an argument that the defects in

the service of the notice should not be a ground for setting aside any assessment, even though such language appears in the relevant statute, 72 P.S. §5452.15. In the present situation, the tax claim bureau is required to mail assessment notices to each owner, 72 P.S. §5342, but a defect in service is not to be considered sufficient grounds for setting aside an assessment. 72 P.S. §5350(b). This seemingly inconsistent logic, this give and take, has been resolved by the Pennsylvania Supreme Court in favor of the taxpayer where notice was not merely defective but never given.

"[W]e held that the legislature could not in one breath require notice and in the next foreclose the right of a property owner even though the notice required by the act was never given. The guaranties of the bill of rights of our State Constitution, Article I, section 9, P.S., and of the due process clause of the federal Constitution, Fourteenth Amendment, forbid such a travesty of justice." *Ross Appeal,* 366 Pa. 100, 103, 76 A.2d 749, 751 (1950) citing *Hess v. Westerwich,* 366 Pa. 90, 76 A.2d 745 (1950). If lack of notice is a defense to an increase in an assessment, why should lack of notice not be a defense to an owner whose property interest was previously not assessed and has now been assessed and become taxable?

Respondents had the opportunity to identify the owners of the mineral rights to this property from their 1939 deed which created the severance. Instead of doing so, it continued to list the property under the designation of "Evan Jones heirs, address unknown." For 41 years the county made no attempt to assess this interest; and I cannot say that it is common knowledge that mineral rights are a taxable interest in real estate, when apparently for decades the county itself did not treat such interest

as taxable. The county's prior policy did not alert the owners of the mineral rights that they might hold taxable property and since there was no reason for them to come forward to seek out the tax collector and inquire why they were not being assessed, they could rightfully assume the status quo was correct. By failing to give the owners notice of the county's intention to assess this interest, the county has precluded the owners from challenging the pre-1986 assessments; and hence, these assessments are invalid having been the offspring of a procedure that failed to accord due process to the petitioners.

## ORDER OF COURT

And now, March 30, 1987, respondents' assessment of the subject property for the years 1980 to 1986 is hereby vacated.