## Hunt v. Pittsburgh

*K. Sidney Neuman* and *David B. Buerger*, for plaintiffs.

*Regis C. Nairn, Justin M. Johnson* and *Thomas M. Rutter, Jr.*, for defendants.

ALDISERT, J., January 26, 1967.—Plaintiffs, executors of the estate of Rachel McM. M. Hunt, have paid personal property taxes for the years 1964 and 1965 on 43,560 shares of Aluminium stock which has been specifically bequeathed to the Hunt Foundation, a charitable corporation. Contending they were not required to pay these taxes, that payment was made by mistake, they made application for a refund on January 28, 1966, which was refused. As a result of the refusal they are now suing in assumpsit to recover the payments. The three taxing bodies involved here have filed preliminary objections in the nature of a demurrer to plaintiffs' complaint. . . .

A narrow issue is before us. Are stocks which have been specifically bequeathed to a charitable organization exempt from personal property taxation while in the hands of the personal representative under the theory that the personal representative is a "trustee for a resident . . . charitable . . . organization"? . . .

The taxing authorities urge us to put an extremely narrow interpretation upon "trustee" as used in the exemption clause of the act. They do not dispute that the ultimate beneficiary of the stock in question is a charitable or educational organization, and we understand them to concede that once possession and control of the securities passes to the Hunt Foundation, the officers of the foundation as "trustees" of a tax exempt organization will be exempt from payment.

The city, county and school district argue, however, that while this stock is in the possession of the executor, and prior to the actual distribution to the named beneficiary, the tax is due and payable. They say the statute says this in simple language. They say that all "trustees for . . . (such) organizations" are tax exempt, but only those executors and administrators of nonresident decedents are exempt. Mrs. Hunt lived in Allegheny County and was not a nonresident decedent.

For the taxing authorities to prevail we must hold that it is impossible to be executor for a Pennsylvania resident and at the same time a trustee for a specifically named charitable organization.

To support their position, the taxing authorities will not find much encouragement in the cases of Thompson Will, 416 Pa. 249, and Hamilton's Estate. 47 Pa. Superior Ct. 428.

The cases suggest that the test of whether the executor is also the trustee of a given asset of the estate depends upon what power and control the executors have over the asset. If the particular asset is a specific bequest and there are sufficient funds to pay all the expenses of and claims against the estate, then the executor is but a temporary custodian of the asset, and the estate administration is but a conduit of the particular asset from the decedent to the beneficiary.

Where, however, the asset is not the subject of a specific bequest, and is only part of the residual estate, then the executor may not also qualify as a trustee of this particular asset, as such is contemplated under the statute: Crosbie v. City of Philadelphia, 20 D. & C. 2d 65.

There are fundamental differences in the treatment of a specific and a residuary legacy. A specific legatee is entitled to the net income from the property given to him accrued from the death of the decedent: Fiduciaries Act of April 18, 1949, P. L. 512, as amended, 20 PS §320.753(b). A residuary legatee does not get this privilege. Income from residuary legacies is distributed pro rata among those participating in the residuary estate: 20 PS §320.753(d).

The bequest to the Hunt Foundation being a specific bequest, we are not controlled by Crosbie, supra, relied upon so much by the taxing authorities. This is one of the few cases on record interpreting the exact language of this particular statute. It is a well-reasoned opinion

of the Philadelphia Court of Common Pleas, holding that the executor of resident decedent was not exempt from paying personal property taxes on certain securities ultimately destined for residuary legatees.

The executor in Crosbie was held not to be "trustee", as were the executors in Thompson, supra, and Hamilton, supra. These cases, however, are not inconsistent. In these three cases Crosbie was the only one where the subject matter was a residual legacy.

Other considerations favor the claimants in this case. They have the advantage of the Statutory Construction Act, which provides that provisions imposing taxes shall be strictly construed and any doubt or uncertainty must be resolved in favor of the taxpayer: Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §559; Commonwealth v. Rieck Investment Corporation, 419 Pa. 52. They also have the advantage of peculiar time limit imposed by the taxing ordinances in question. This is a tax on personal property held on January 1 of each calendar year. Because the asset under discussion was capable of being subject to an advance distribution, it being a specific legacy, theoretically the executors could have distributed the securities to the ultimate beneficiary in advance of court distribution. Had they avoided the January date, there would have been no question that no tax was due. Because the executors have chosen to wait until a partial or final distribution by court decree, the estate should not be penalized. The delay in distributions works no disadvantage upon the beneficiary, because as we have pointed out before, the income earned by a specific legacy during the period of administration accrues to the benefit of the ultimate legatee.

Finally, and perhaps as persuasive as any other consideration, is the history of the exemption clause under discussion. We are called upon to interpret an

amendment to the Personal Property Tax Act of June 17, 1913, P. L. 507. The amendment sought to impose taxation on certain types of personal representatives, following the Supreme Court decision in Buhl's Estate, 300 Pa. 29, which held that personal property in the hands of an executor was exempt from taxation.

The amendment obviously came about at the request of the governmental units in order to broaden the base of tax sources. Unwilling to place all executors in a taxable category, the legislature was careful to insert language exempting certain classes. One of these classes was the executor of a nonresident: "Except as executor of the estate of a nonresident decedent". The position of the very next part of the exemption clause "except as trustee for a resident or nonresident religious, charitable or educational, etc." is important. Its very location compels us to conclude it refers specifically to the preceding clause "executor or administrator" as well as to other such fiduciaries sub nomine "trustee". Otherwise inclusion of this language was not necessary in the statute. Charitable and educational organizations per se, had already been exempt from the taxing provisions of the statute in the original wording of the act whose very language limits taxation to the "person, persons, copartnership, etc. . . . or corporation . . . liable to taxation within this Commonwealth".

As we have heretofore pointed out, the securities in question would not be subject to taxation once in the hands of the foundation, by virtue of the fact that such a foundation is "not liable to taxation within this Commonwealth": General Assembly v. Simon Gratz, 139 Pa. 497; Mattern v. Canevin, 213 Pa. 588.

We must conclude therefore that if the "trustee" language in the 1939 amendment which is the subject of our inquiry is to be given a true raison d'etre, it must be considered in relationship to (1) the admin-

istration of an estate by an executor or administrator, and (2) any other situation where personal property is held by a trustee for such organization. To hold otherwise would be to ascribe no logical reason for the inclusion of this specific language by the legislature.

For the reasons above stated it is unnecessary to discuss the other propositions advanced at argument and in the briefs.

We hold that the executors were exempt from paying personal property taxes on the shares of Aluminium Limited which had been bequeathed to the Hunt Foundation for the reason that they qualify as "trustee(s) of a charitable or educational institution" under the exemption clause of the Personal Property Tax Act of 1913, as amended June 19, 1939, P. L. 413.

ORDER

And now, to wit, January 26, 1967, after oral argument and consideration of the briefs, it is ordered, adjudged and decreed that the preliminary objections of defendants, City of Pittsburgh, School District of Pittsburgh, County of Allegheny, be and the same are hereby dismissed, and defendants permitted 20 days to file an answer.