Borough of Rochester *v.* Roberta Geary and Commonwealth of Pennsylvania. Commonwealth of Pennsylvania, Appellant.

Borough of Rochester *v.* Roberta Geary, Appellant.

494

Argued May 4, 1977, before President Judge Bowman and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James P. O'Connell*, with him *Robert W. Lewis, Jr.*, for Roberta Geary.

*Patricia G. Miller,* with her *Michael Louik,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for Commonwealth.

*J. Frank Kelker,* for Borough of Rochester.

OPINION BY JUDGE WILKINSON, JR., June 10, 1977:

These consolidated appeals present the question of whether or not appellant,[1] a mother with two children, whose sole source of income is public assistance, either has a statutory right under Section 37 of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, *as amended,* 72 P.S. §5511.37, to be exonerated from her 1974 per capita tax, as assessed by appellee or a right to be excluded from the payment of her per capita tax as not being the proper subject of such a tax under Section 2 of The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6902.[2] The Beaver County Court of Common Pleas rejected both of these contentions. We agree and affirm.

Pursuant to The Local Tax Enabling Act, 53 P.S. §6901 et seq., appellee enacted Ordinance No. 702 which provides for a five dollar per capita tax to be assessed against every resident of the borough over 18 years of age. Appellant is a resident of the borough, over 18 years of age, and a mother of two children whose sole source of income is public assistance under the federally funded Aid for Dependent Chil-

---

[1] When used in the singular "appellant" refers to appellant in 21 T.D. 1976. When used in the plural "appellants" refers to both appellant in 21 T.D. 1976 and appellant Commonwealth in 1276 C.D. 1976.

[2] In the court below appellant also argued that she was entitled to an exemption under Section 2, 53 P.S. §6902. The court reasoned that the granting of such exemptions was in the discretion of the taxing district and not a matter of right. We need not consider this question since it has not been raised on appeal.

dren Program. 42 U.S.C. §601 et seq. Appellant received a bill for her 1974 per capita tax, did not pay the tax and was served with a Notice of Distraint for Delinquent Taxes. Appellant then requested an exoneration from the per capita tax which was refused by appellee. Appellee then filed an action in assumpsit before a District Magistrate which resulted in a judgment against appellant. Appeal was taken to the Beaver County Court of Common Pleas. The Commonwealth of Pennsylvania by its Attorney General petitioned to intervene as a defendant (which petition was granted), asserting an interest in assuring that public assistance monies are used solely for the purposes for which they are allocated and in its capacity as parens patriae to protect the general welfare of its citizens. The appeal was dismissed by the Beaver County Court of Common Pleas. This appeal followed.

The crux of appellants' argument is that Section 37, 72 P.S. §5511.37, provides a statutory right to indigent persons to be exonerated from the payment of per capita taxes. Section 37 reads in pertinent part:

> Taxing districts shall at all times make exonerations for uncollectible occupation, poll and per capita taxes, mistakes, indigent persons, unseated lands, deaths, removals, et cetera, as to them shall appear just and reasonable. The chief clerk or secretary, as the case may be, of each taxing district shall enter in a book or books, to be kept for that purpose, the names of all persons exonerated, together with the reason why, the amount of the tax, and date when made, and give to the tax collector a certificate directed to the proper treasurer, stating the nature of the tax and the amount exonerated in order to make settlement accordingly.

While it is true that Section 37 provides for exonerations for indigent persons, the granting of such ex-

onerations is not mandated. It is important to note the qualifying language in this statute to the effect that taxing districts shall make exonerations ''for ... indigent persons ... as to them shall appear just and reasonable.'' This language makes the granting of such exonerations discretionary, not mandatory as appellants suggest.[3] We agree with the lower court that the failure of appellee to grant appellant an exoneration was not an abuse of discretion.

Alternatively, appellants argue that The Local Tax Enabling Act, 53 P.S. §6901 et seq., provides no explicit authority for the taxation of indigents, therefore, they should be excluded from taxation. The essence of this argument is that indigent persons, like purely public charities, were allegedly never meant to be sources of tax revenue and thus, if the legislature had intended to tax indigents such intent would be specifically stated.[4] We disagree. Section 2 of The

---

[3] Appellants raise several constitutional issues which are admittedly based on the assumption that Section 37 makes exonerations for indigent persons a matter of statutory right. We need not reach these issues, however, since we conclude that such exonerations are a matter of discretion with each individual taxing district.

[4] Appellants have attempted to show through the use of prior legislation an intention and policy of the Legislature not to tax the poor. They analogize to the long-standing policy with regard to the taxation of purely public charities (see, Article VIII, §2(a)(v) of the Pennsylvania Constitution), to the effect that no tax statute would be interpreted to include purely public charities unless the statute specifically stated that such charities were to be taxed. See, Mattern v. Canevin, 213 Pa. 588, 63 A. 131 (1906) ; General Assembly v. Gratz, 139 Pa. 497, 20 A. 1041 (1891). The lower court refused to infer such a legislative intent or policy with regard to taxation of indigents and appellants have asserted this was error. While we tend to agree with the lower court regarding the inference of such an intent we need only point out that the use of prior legislation as an aid in divining legislative intent is only appropriate when there is ambiguity in the particular statute. See, Statutory Construction Act of 1972, 1 Pa. C.S. §1921; Commonwealth v. Monu-

Local Tax Enabling Act, 53 P.S. §6902, refers to the taxation of persons. Had it been the legislature's intent to exclude indigents from per capita taxes it would have been unnecessary to provide specifically that local taxing authorities may "exempt any person whose total income from all sources is less than three thousand two hundred dollars ($3,200) per annum from the per capita or similar head tax. . . ." Additionally, Section 37 of the Local Tax Collection Law, 72 P.S. §5511.37, provides for an exoneration of indigent persons, in the discretion of the local taxing district. The presence in each statute of references to indigents or persons of limited incomes precludes any argument that the legislature intended to exclude indigent persons from the payment of per capita taxes.

It is also argued that the imposition of per capita taxes on indigents receiving public assistance violates the Federal Aid for Dependent Children Program, 42 U.S.C. §601 et seq., and the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §101 et seq. Appellants do not cite any section of either statute which prohibits the payment of per capita taxes, nor has our own research uncovered such a provision. This Court is cognizant that public assistance provides only the basic necessities. Nevertheless, the statutes are clear that the grant of an exoneration or exemption is discretionary with the individual taxing districts.

Finally, it is argued that a recent ordinance enacted by appellee on December 15, 1975, (Ordinance No. 961), amending the Per Capita Tax Ordinance No. 702, which provides for the exemption from per capita taxes of all residents over 62 years of age with incomes less than $3,200 per annum, is violative of the Uni-

---

*mental Properties, Inc.*, 459 Pa. 450, 329 A.2d 812 (1974). Here the words of the statute are explicit and the use of prior legislation is unnecessary.

formity Clause of the Pennsylvania Constitution, Article VIII, §2(b)(ii) and the Equal Protection Clause of the United States Constitution. We disagree. As was stated in *Commonwealth v. Life Assurance Company of Pennsylvania*, 419 Pa. 370, 376, 214 A.2d 209, 214 (1965): "The only constitutional limitation placed upon the power of the Legislature to distinguish between various entities for purposes of taxation is that their basis for doing so be reasonable." (Citations omitted.) The burden of proving that a given classification is unreasonable and thus unconstitutional is a very heavy one. We feel that an exemption benefiting elderly residents of appellee with incomes of less than $3,200 per annum is not unreasonable.

Accordingly, we will enter an order affirming the order of the Beaver County Court of Common Pleas.

### ORDER (No. 1276 C.D. 1976)

Now, June 10, 1977, the order of the Beaver County Court of Common Pleas, dated June 22, 1976, dismissing the appeal of Roberta Geary from the judgment awarded the Borough of Rochester on August 27, 1975, in the amount of five dollars ($5.00) together with the costs of suit by a District Magistrate, is affirmed.

### ORDER (No. 21 T.D. 1976)

Now, June 10, 1977, the order of the Beaver County Court of Common Pleas, dated June 22, 1976, dismissing the appeal of Roberta Geary from the judgment awarded the Borough of Rochester on August 27, 1975, in the amount of five dollars ($5.00) together with the costs of suit by a District Magistrate, is affirmed.