Joseph M. Scott et al., Appellants *v.* The Palmerton Area School District, Appellee.

Argued November 20, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Lawrence M. Ludwig,* with him *Gary F. Dobias,* for appellants.

*James A. Wimmer, Philip & Wimmer,* for appellee.

OPINION BY JUDGE MACPHAIL, December 30, 1981:

Taxpayers (Appellants) living in the Palmerton Area School District (School District) brought a class action suit in equity against the School District requesting, *inter alia,* that the occupational tax and assessment adopted by the School District be declared unconstitutional. School District filed preliminary objections in the nature of a motion to strike for failure to exercise a statutory remedy and for lack of conformity to rules of court and a petition raising the defense of nonjoinder of a necessary party. The Court of Common Pleas of Carbon County sustained the motion to strike for lack of subject matter jurisdiction for failure to exercise a statutory remedy and overruled the other two objections. This appeal followed.

From the allegations in the complaint, we ascertain that on June 30, 1980 the School District adopted a resolution imposing an occupation tax of 35% on the occupational assessments of each resident in the School District over the age of 18 years. The effective date of the tax was July 1, 1980. Tax bills were sent by the School District on or about August 1, 1980. Appellants' complaint was filed September 5, 1980. Appellants complained that the Assessment Rating of Trades and Occupations established by the Carbon County Board of Assessment Appeals (Assessment Board) used by the School District to determine the value and assessment of each occupation subject to the

tax, is discriminatory on the basis of sex[1] and in violation of their constitutional rights under the uniformity clause of the Pennsylvania Constitution[2] and a violation of equal protection and due process rights under the Constitution of the United States.[3] Appellants assert that the unconstitutionality of the assessments renders the tax resolution itself unconstitutional.

Annexed to the complaint is a statement alleged to have been issued by the board of directors of the School District which, according to Appellants, acknowledges that the occupation tax was "antiquated, out-moded, out-dated, unfair, capricious, biased, prejudiced, discriminatory and arbitrary." Appellants allege that the knowing and willful adoption of such a tax was a violation of their rights under the Civil Rights Act, 42 U.S.C. §1983[4]

Relying upon this Court's decisions in *Lashe v. Northern York County School District,* 52 Pa. Commonwealth Ct. 541, 417 A.2d 260 (1980) and *Hudson v. Union County,* 50 Pa. Commonwealth Ct. 378, 413 A.2d 1148 (1980), the learned trial court concluded that inasmuch as Appellants had not alleged that their statutory remedies under Section 701 of The Fourth to Eighth Class County Assessment Law (Assessment Law), Act of May 21, 1943, P.L. 571, *as amended,* 72

---

[1] Pa. Const. art. I, §28.

[2] Pa. Const. art. 8, §1.

[3] U.S. Const. amends. V and XIV.

[4] 42 U.S.C. §1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress.

P.S. §5453.701 and Section 6 of The Local Tax Enabling Act (Enabling Act), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §6906, were inadequate as to them and that the constitutional challenges asserted in their complaint could have been raised before the Assessment Board, the trial court lacked subject matter jurisdiction in equity.

In both *Lashe* and *Hudson,* this court relied upon what our Supreme Court said in *Borough of Greentree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974):

> We are of the view ... that the mere fact that a constitutional question is raised as to the validity of a statute does not, without more, vest jurisdiction in a court of equity to adjudicate. The additional element required to confer equitable jurisdiction is either the absence of a statutorily-prescribed remedy or, if such a remedy exists, then a showing of its inadequacy in the circumstances.

*Id.* at 276, 328 A.2d at 823.

It is certainly true that a later decision of our Supreme Court in *Cedarbrook Realty, Inc. v. Nahill,* 484 Pa. 441, 399 A.2d 374 (1979) casts a small cloud upon what appeared in *Greentree* to be a clear statement of the law, but stopped short of overruling *Greentree.*[5]

However, as was said in *Greentree,* even though litigants are still required to follow statutorily-prescribed remedies notwithstanding the fact that a constitutional question may be present, the Court must still determine whether such remedy is adequate so as to preclude equity from taking jurisdiction. Thus, in *Greentree* and in *Cedarbrook,* the Supreme Court upheld equity's jurisdiction where the constitutional challenge was found to be a "frontal attack" upon the

---

[5] *See Cedarbrook,* 484 Pa. at 446 n. 2, 399 A.2d at 376 n. 2.

validity of the statute. In *Cedarbrook,* the challenge was on due process grounds where the taxing authority sought to collect past due taxes by sequestering rents without pre-determination hearings. In *Greentree* the challenge to Section 7 of the Second Class County Assessment Law, Act of June 21, 1939, P.L. 626, *as amended,* 72 P.S. §5452.7, was under the uniformity clause of the Pennsylvania Constitution and the equal protection clause of the Constitution of the United States. In both cases, the Supreme Court held that the statutory remedies were inadequate.

In the instant case, Taxpayers do not allege much less demonstrate that the statutory remedies available to them are inadequate. As we read the complaint, Taxpayers contend that the tax resolution is unconstitutional because the assessments made by the *Assessment Board* are discriminatory. Thus, it appears that the "frontal attack" here is not upon the tax resolution itself adopted by the School District but upon the assessments which were designed by the Assessment Board. The issue of the validity of the tax resolution clearly could have been resolved by an appeal under Section 6 of the Enabling Act which authorizes the trial court to "declare invalid all or any portion of the ordinance or of the tax imposed." In the challenge to the assessments, it must first be determined that the assessments *are* discriminatory, unjust, unfair, etc. (notwithstanding the so called "admissions" of the School Board). It is the Board of Assessments which could make adjustments upon the proper appeal of persons allegedly affected, but until the Board of Assessments has that opportunity it cannot be assumed from a mere recitation of the assessments that they are discriminatory, etc. As we observed in *Hudson,* there is the right of a further appeal from the decision of the Board of Assessments to the court of common pleas where the constitutional issues then could have

been addressed. Section 704 of the Assessment Law, 72 P.S. §5453.704.

Finally, on this issue, we think it is important to note that the problem herein addressed is more than procedural jousting. As Justice POMEROY noted in *Greentree*, 459 Pa. at 277, 328 at 823.

At an early date, the General Assembly made it clear that statutorily-prescribed remedies were to be 'strictly pursued.' In the Act of March 21, 1806, P.L. 558, 4 Sm. L. 326, §13, 46 P.S. §156, the General Assembly provided:

In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, *the directions of the said acts shall be strictly pursued,* and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law; in such cases, further than shall be necessary for carrying such act or acts in effect. (Emphasis supplied in original and footnotes omitted.)

Accordingly, we will affirm the trial court's decision that it lacked equity jurisdiction.[6] In its opinion dismissing the within action, the trial court did not address the issue of whether it had jurisdiction in equity of the cause of action asserted by Appellants under the provisions of the Federal Civil Rights Act. It will be observed that Congress therein provided that *persons* who deprived other persons of their civil rights shall

---

[6] Pa. R.C.P. No. 1509(c) provides that where the court sustains a preliminary objection raising the defense of an adequate statutory remedy, the matter shall be certified to the law side of the court. In the instant case, the time limits within which appeals could have been filed by taxpayer under the provisions of the Enabling Act or the Assessment Law have long since expired. A certification as provided by the Rule would have been a futile gesture under those circumstances.

534

be liable to the injured party in "an action at law, suit in equity, or other proper proceeding for redress." Although Appellants allege that they will suffer irreparable harm by the alleged deprivation of their civil rights, it seems clear that any harm they may suffer is limited to a monetary loss recoverable in an action for damages at law. Moreover, and more importantly, had Appellants pursued their statutory remedies under the Assessment Law and/or the Enabling Act, as we have held they were obliged to do, their rights under the Civil Rights Act could have and would have been determined in such appeals. Therefore, essentially Appellant's cause of action in this respect is the same kind of constitutional challenge we have just held to be inadequate in the circumstances of this case to invoke equitable jurisdiction. The fact that a Federal statute authorizes an equitable remedy does not confer equitable jurisdiction where such an action is not "a proper proceeding" under the circumstances of the particular case.

Order affirmed.

### ORDER

AND Now, this 30th day of December, 1981 the order of the Court of Common Pleas of Carbon County dated November 28, 1980 is affirmed.