# Strait v. Board of Commissioners of Fulton County

*Dewayne Thomas Newman,* for plaintiffs.
*Stanley J. Kerlin,* for defendant.

WALKER, *J.,* March 6, 1986—Plaintiffs, 17 property owners residing in Fulton County, filed a class-action suit in equity. It is alleged that their assessments were not set at the current market value or actual value as required by the Fourth to Eighth Class County Assessment Law. Therefore, plaintiffs seek to recover back taxes allegedly owed them due to the alleged improper assessments of their respective properties.

Defendants, the Board of Commissioners of Fulton County, the Board of Assessment Appeals of Fulton County and Maynard Gordon, filed preliminary objections to the complaint raising the following issues: (1) lack of jurisdiction; (2) failure to state a cause of action; (3) laches; (4) lack of standing; (5) insufficient pleading; and (6) impertinent pleading.

It is clear, for the reasons discussed below, that this court does not have jurisdiction over this controversy. Since plaintiffs' class-action complaint must be dismissed, the court does not find it necessary to consider defendants' other objections.

Plaintiffs assert that their properties must be assessed at actual value, as mandated by the Fourth to Eighth Class Assessment Law at 72 P.S. §5453.602. They argue that the county's use of a unit-price assessment is invalid because it does not conform to the statute. Plaintiffs allege that this improper

method of assessment has caused their properties to be overassessed.

The Assessment Law, 72 P.S. §5453.701(b), clearly provides that any person aggrieved by any assessment may appeal to the tax assessment appeals board. Subsection (b)(2) provides that "for the purpose of assessment appeals under this act, the term 'person' shall include in addition to that provided by law, a group of two or more persons acting on behalf of a class of persons similarly situated with regard to the assessment."

An aggrieved taxpayer may not proceed into the court of common pleas without first going through the assessment appeals board, unless he or she is attacking the validity of the taxing statute itself. Narehood v. Pearson, 374 Pa. 299, 96 A.2d 895 (1953). Wynnefield United Presbyterian Church v. City of Philadelphia, 348 Pa. 252, 35 A.2d 276 (1944).

Plaintiffs do not contend that 72 P.S. §5453.602 is invalid. Indeed, plaintiffs' position is that the prescribed method of assessment provided under that section is the only fair method. Their complaint is that the method adopted by defendants has caused them to be overassessed.

After reviewing Narehood and Wynnefield United Presbyterian Church, cited above, it is obvious that this case cannot properly be brought before the court until the assessment board of appeals has first ruled on the matter. This appeal process is the exclusive legislative remedy and it must be strictly pursued. Concerned Taxpayers of Beaver County v. Beaver County Bd. of Assessment Appeals, 75 Pa. Commw. 443, 462 A.2d 347 (1983).

Plaintiffs contend, nevertheless, that the appeal process outlined in 72 P.S. §5453.701 is inapplicable to a class action. Their argument is twofold.

First, they contend that the definition of "person" under 72 P.S. §5453.701 only encompasses individual taxpayers. Secondly, they contend that the appeal process is inappropriate for class actions because of the multiplicity of suits that would result if each taxpayer were required to file separate administrative appeals.

The court finds plaintiffs' first argument to be without merit in light of the plain language of 72 P.S. §5453.701 (b)(2), which states:

"For the purpose of assessment appeals under this act, the term 'person' shall include in addition to that provided by law, a group of two or more persons acting on behalf of a class of persons similarly situated with regard to the assessment." Far from being an exception to the rule, class actions are specifically covered by the statute.

Plaintiffs' second argument, that a class action must be permitted in order to avoid multiple suits, is also without merit. The court in Narehood v. Pearson, 374 Pa. 299, 96 A.2d 895 (1953), rejected that position. In Narehood, supra, the taxpayers argued that the court should exercise equitable jurisdiction over a controversy involving arbitrary assessments in order to avoid numerous individual appeals. But the court pointed out that:

"The main fallacy of this contention is that the premise is fundamentally wrong. If there be discrimination, inequities, or confiscation, the interest of all taxpayers is not identical but separate. Each individual property has a value which may depend upon its location, or market facilities, or operational costs, or other special facts; consequently all property owners, even of the same class and in the same district or area, may not have the same identical interests, nor would the same question or questions necessarily be involved in each assessment." at 305,

306. See also Rochester and Pittsburgh Coal Co. v. Indiana County Board of Assessment, 438 Pa. 506, 266 A.2d 78 (1970).

The court may exercise equitable jurisdiction in spite of plaintiffs' failure to exhaust the statutory appeals process only if their action presents a substantial constitutional question and plaintiffs demonstrate the inadequacy of their legal remedy. Scott v. Palmerton Area School Dist., 63 Pa. Commw. 528, 439 A.2d 859 (1981). This court may hear the matter in equity if both of these conditions are satisfied. Lal v. West Chester Area School Dist., 71 Pa. Commw. 236, 455 A.2d 1240 (1983).

The heart of plaintiffs' constitutional claim is that the county's method of assessment somehow deprives them of due process. Plaintiffs' counsel admitted during oral argument, however, that the statutory appeals process does afford the taxpayers sufficient notice and opportunity to be heard. The court need not rely on plaintiffs' concession, though, since it is well established that a mere challenge to the method of assessment does not rise to the level of a "substantial constitutional question." Lal, supra.

The lack of a "substantial constitutional question" alone, is fatal to plaintiffs' case. If, arguendo, plaintiffs did present a substantial constitutional question, they have still failed to demonstrate the inadequacy of their legal remedy. Again, plaintiffs' position that the appeals process is inadequate for class actions because of a possible multiplicity of suits was specifically rejected by the Commonwealth Court in Narehood, supra.

In the final analysis, plaintiffs have not exhausted their statutory remedy, nor have they satisfied the requisite elements for the court to bypass the ap-

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

peals process and exercise equitable jurisdiction. As such, plaintiffs' complaint must be dismissed.

Plaintiffs have erred in their initial choice of forum by filing their complaint in a common pleas court without first petitioning the tax assessment appeals board. The court simply does not have jurisdiction over the matter. Should the court attempt to exercise jurisdiction at this time, the mistake would still have to be rectified at a later date. This would only serve to compound the costs, delay and frustration that plaintiffs may have already experienced in their quest for relief.

## ORDER OF COURT

March 6, 1986, plaintiffs' class action suit in equity is dismissed since the court of common pleas has no jurisdiction in this matter.