534 A.2d 1149

The Borough of Crafton, Appellant *v.* Larry P. Gaitens, Appellee.

Argued October 7, 1987, before President Judge CRUMLISH, JR. and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

148

*Edward A. Witt,* with him, *Nancy L. Rackoff* and *Grace S. Harris,* for appellant.

*Larry P. Gaitens,* appellee, for himself.

*Edwin J. Martin, Weisel, Xides & Odermatt,* for amicus curiae, Borough of Forest Hills.

OPINION BY JUDGE PALLADINO, December 23, 1987:

The Borough of Crafton (Borough) appeals a decision of the Allegheny County Court of Common Pleas holding that the Borough's $25 tax on the privilege of occupying property in the Borough was invalid because it was not in compliance with The Local Tax Enabling Act (LTEA).[1]

On November 30, 1982, the Borough enacted Ordinance No. 1409. This ordinance provided for

the assessment, levy, regulating, and collection for general revenue purposes of the annual tax in the amount of twenty-five ($25.00) dollars *on the privilege of using or occupying premises* within

---

[1] Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924.

the Borough of Crafton at anytime during the calendar year 1983 and each year thereafter, *to be paid by each person exercising such privilege;* requiring the filing of returns; providing for administration and collection of the tax; and imposing penalties for violation. (Emphasis added.)

On March 18, 1983, Larry P. Gaitens (Gaitens), a resident of the Borough and subject to the tax, filed an equity suit in the trial court contesting the validity of the ordinance and seeking an injunction prohibiting the Borough from collecting the tax. Gaitens contended the ordinance was invalid on its face because it violated the Uniformity Clause of the Pennsylvania Constitution, Pa. Const. art. 8, §7, and the fourteenth amendment of the United States Constitution. In the alternative, Gaitens contended the tax was invalid because the LTEA does not provide authority for it.

On March 21, 1983 Gaitens moved for a preliminary injunction against the Borough. The motions judge stayed action on this motion pending the filing of preliminary objections by the Borough and their disposition. The Borough filed preliminary objections, including an objection to jurisdiction, on March 29, 1983. The trial court dismissed the Borough's preliminary objections in an opinion issued on July 14, 1983. After the pleadings were completed, a stipulation of facts was submitted to the trial court which indicated that the only issue in dispute was the power of the Borough to enact the ordinance imposing the tax in question.[2] The

---

[2] The Stipulation of Facts contained the following:

1. It is stipulated that the tax is imposed on the privilege of occupying all types of residential and commercial real estate in the Borough of Crafton.

2. It is stipulated that all of the technical requirements for the valid enactment of a tax by a borough have been followed, the only matter remaining in dispute is the power of the borough to enact such a tax.

parties then filed cross motions for summary judgment. Argument was held on these motions in June, 1984. On April 22, 1986, the trial court granted Gaitens' motion for summary judgment while denying the Borough's. The trial court determined the ordinance was invalid because it constituted a per capita (head) tax of $25 in violation of the $10 limitation on such a tax found in section 8 of the LTEA, 53 P.S. §6908.[3]

On appeal to this court, the Borough contends that the trial court did not have subject matter jurisdiction in this equity case because Gaitens had an adequate remedy at law which he failed to pursue. Additionally, the Borough asserts that the tax provided for by the ordinance is authorized by the LTEA and is not violative of the Pennsylvania and United States Constitutions.

## JURISDICTION

The Borough places the emphasis of its jurisdictional argument on Gaitens' failure to pursue the statutory remedy provided by section 6 of the LTEA, 53 P.S. §6906. Section 6 provides, in pertinent part:

> No tax levied for the first time by any political subdivision to which this act applies shall go into effect until thirty days from the time of the adoption of the ordinance . . . levying the tax.

---

The record shows that the Borough filed a cross claim against Gaitens for the unpaid tax and that the parties agreed not to pursue the cross claim and the preliminary injunction but at the suggestion of the trial court, to pursue a determination of the validity of the tax.

[3] Section 8 of the LTEA provides, in pertinent part:

No taxes levied under the provisions of this act shall be levied by any political subdivision on the following subjects exceeding the rates specified in this section: (1) Per capita, poll or other similar head taxes, ten dollars ($10). 53 P.S. §6908(1).

> Within said thirty days, . . . taxpayers of the
> political subdivision not less than twenty-five in
> number aggrieved by the ordinance or resolu-
> tion shall have the right to appeal therefrom.
> . . . It shall be the duty of the court to declare
> the ordinance and the tax imposed thereby to be
> valid unless it concluded that the ordinance is
> unlawful or finds that the tax imposed is exces-
> sive or unreasonable. . . .

The Borough acknowledges that section 6 does not pro-
vide the exclusive remedy for challenging the validity of
a taxing ordinance enacted pursuant to the LTEA, *Wil-
liam Penn Parking Garage, Inc. v. City of Pittsburgh*,
464 Pa. 168, 346 A.2d 269 (1975), but argues that
Gaitens has not met the requirements for equity juris-
diction as set out by the Pennsylvania Supreme Court
in *Borough of Greentree v. Board of Property Assess-
ments*, 459 Pa. 268, 328 A.2d 819 (1974) (plurality
opinion).

Justice POMEROY, in the opinion announcing the
judgment in *Borough of Greentree,* rejected prior case
law which suggested "that a court in equity must *always*
entertain a constitutional attack on a tax statute," *id*. at
275, 328 A.2d at 823 (emphasis in original), and set out
the following test to be applied to determine whether
equity jurisdiction, to consider a constitutional attack on
a statute, was appropriate when there exists a statutory
remedy:

> [T]he mere fact that a constitutional question is
> raised as to the validity of a statute does not,
> without more, vest jurisdiction in a court of eq-
> uity to adjudicate. The additional element re-
> quired to confer equitable jurisdiction is either
> the absence of a statutorily-prescribed remedy
> or, if such a remedy exists, then a showing of its
> inadequacy in the circumstances.

*Id.* at 276, 328 A.2d 823. Justice POMEROY then applied a balancing test to determine the adequacy of the statutory remedy and determined that because of the *directness* of the attack on the taxing statute "[w]hatever benefit might be derived from [pursuing the statutory remedy] . . . would be far outweighed by the inconvenience, delay and expense involved." *Id.* at 281, 328 A.2d at 825. Judge MACPHAIL, writing for this court in *Scott v. Palmerton Area School District,* 63 Pa. Commonwealth Ct. 528, 439 A.2d 859 (1981) *aff'd per curiam,* 502 Pa. 430, 466 A.2d 1029 (1983), noted that the Pennsylvania Supreme Court has upheld equity jurisdiction when a statutory remedy is present, "where the constitutional challenge was found to be a 'frontal attack' upon the validity of the statute." *Id.* at 531-32, 439 A.2d at 860.

The Borough contends that the record in this case is "devoid of any evidence that the statutory remedy would have been inadequate." Borough's brief at 19. The trial court held that the statutory remedy was inadequate under the circumstance because it contained "no provision for legal action by a single taxpayer." *Gaitens v. Borough of Crafton* (No. GD83-4646, filed July 14, 1983), slip op. at 3.

We agree with the trial court that Gaitens established that the statutory remedy was inadequate. Not only does section 6 of the LTEA not provide a cause of action for an individual taxpayer, but in addition, Gaitens made a *direct* constitutional attack on the validity of the ordinance *in its entirety*. We do not agree with the Borough's contention that Gaitens was required to prove that he had attempted, in the 30 days after passage of the ordinance, to find twenty-four other taxpayers to join him in an appeal in order for the statutory remedy to be considered inadequate. Under the circumstances of this case, it was enough, because of the direct attack on the constitutionality of the tax ordi-

nance, for Gaitens to show that the statutory remedy does not provide him a cause of action.

## MERITS

Our scope of review of the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987). The Borough contends that the trial court committed an error of law in determining that the tax levied by the ordinance constituted a head tax. Additionally, the Borough asserts that the tax does not violate the Pennsylvania and United States Constitutions. For the reasons which follow, we conclude that the trial court did not commit an error of law in determining that the ordinance imposed a head tax which violated the rate limitation of such a tax set by section 8 of the LTEA, and therefore, we will not address the constitutional challenge made by Gaitens.

The Borough contends that the tax in question is a flat rate levy on the exercise of the *privilege* of occupancy and is not a head tax. However, "the nature of a tax is to be determined by its *substance* and not by its label . . . [and] legislation imposing a tax must be strictly construed in favor of the taxpayer." *Coney Island, II, Inc. v. Pottsville Area School District,* 72 Pa. Commonwealth Ct. 461, 468, 457 A.2d 580, 583 (1983) (emphasis in original). Section 2 of the LTEA, 53 P.S. §6902, permits the Borough to tax "persons, transactions, occupations, privileges, subjects and personal property." Section 8 of the LTEA, 53 P.S. §6908, contains limitations on the rate or amount of tax which may be imposed and specifically limits "per capita, poll or other similar head taxes" to $10.

The ordinance in question imposes a $25 annual tax "on the privilege of using or occupying premises within

the Borough . . . , *to be paid by each person* exercising such privilege." (Emphasis added.) Section II of the ordinance contains the following pertinent definitions:

C. OCCUPANT shall mean the person in actual possession of premises, whether as owner, lessee, sub-lessee, licensee or otherwise.

D. OCCUPIED PREMISES shall mean premises in use or occupancy. As respects residential premises occupancy shall mean actual residence therein for a period of at least 12 hours. As respects non-residential property use or occupancy shall mean actual presence of one or more human beings or goods or property therein or thereon for a period of at least 4 hours pursuant to some economic or business purpose. . . .

F. PERSON shall mean:

1. As respects occupancy for dwelling purposes, the head of the household or individual in responsible charge thereof.

2. As respects occupancy for non-residential purposes by natural persons, the individual owner or person in responsible charge of whatever activity is conducted upon or use made of the premises.

3. As respects occupancy by a corporation, the corporate entity.

4. As respects occupancy by an unincorporated association, the officers in responsible charge of whatever activity is conducted upon or use made of the premises.

The Borough relies on the Pennsylvania Supreme Court decision in *Wanamaker v. Philadelphia School District,* 441 Pa. 567, 274 A.2d 524 (1971), to support its contention that the ordinance imposes a valid tax on the privilege of occupancy. The tax upheld in *Wanamaker* was a tax on the use and occupancy of real estate *for commercial or industrial purposes.* The court held that

the tax was not a property tax but rather a tax on the privilege of using the property for business. If the tax in question here were levied only on the use and occupancy of premises for non-residential purposes, *Wanamaker* might support its validity. The tax, however, is also imposed on all persons who occupy premises in the Borough for residential purposes.

The Pennsylvania Supreme Court has defined a "head" tax as follows:

> 'Capitation or poll taxes are taxes of a fixed amount upon all persons, or upon all persons of a certain class, within the jurisdiction of the taxing power, without regard to the amount of their property or the occupations or business in which they may be engaged.' . . . The tax is imposed because of the protection which a governmental unit affords to persons residing therein, and is designed primarily to require contribution from all residents for the services rendered them by the taxing authority. Consequently, per capita, capitation or head taxes can be imposed only upon residents of the particular political subdivision since residence alone furnishes the contact necessary to render a person amenable to the direct levy.

*Danyluk v. Bethlehem Steel Company,* 406 Pa. 427, 430, 178 A.2d 609, 610 (1962) (citations omitted). We find it impossible to distinguish a general revenue tax imposed on persons solely because they choose to occupy residential premises in the Borough from a head tax, which by definition is imposed upon residents for the services rendered them by the municipality.

The Borough argues that the tax cannot be considered a true head tax because only the head of the household in each residence is responsible for paying the tax. However, this does not necessarily make the tax any less of a head tax. The general rules with respect to ex-

emptions from taxation also apply to head taxes. *See Breedlove v. Suttles,* 302 U.S. 277 (1937). In *Borough of Rochester v. Geary,* 30 Pa. Commonwealth Ct. 493, 373 A.2d 1380 (1977), this court held that it was reasonable to exempt residents over the age of 62 with an annual income of less than $3200 from a $5 annual head tax. The ordinance imposing the tax at issue in *Geary also* exempted all individuals less than 18 years of age.

The ordinance at issue here contains no definition of head of the household. Black's Law Dictionary 648 (5th ed. 1979) defines the term as:

> An individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage, or by adoption, and whose right to exercise family control and provide for the dependent individuals is based upon some moral or legal obligation. (Citation omitted.)

Using this definition, the only individuals exempted from the tax are those dependent upon someone else for their support. We conclude that it is reasonable to exempt from taxation those persons for whom another is responsible.

Having determined that the tax in question, as applied to persons occupying residential premises, is a head tax, we are compelled to conclude that it is invalid because it violates the $10 limitation on head taxes mandated in section 8 of the LTEA, 53 P.S. §6908. Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, December 23, 1987, the order of the Court of Common Pleas of Allegheny County in the above captioned case is affirmed.

Judge COLINS dissents.